**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEROME CEASAR ALVERTO, | No. 20-35280 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01380-BJR |
| v. | |
| MICHELLE HENDERLING, sued individually and in her/his official capacity; RICHARD SAMP, Shift Lieutenant, sued individually and in her/his official capacity, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| STEPHEN T. EWING; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner Jerome Ceasar Alverto appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because, even assuming defendant Samp had retaliatory motive against Alverto, Alverto failed to raise a genuine dispute of material fact as to whether defendants took any adverse actions against Alverto because of Alverto's grievance against defendant Samp. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context). We reject as unsupported by the record Alverto's contentions that defendant Henderling's actions set in motion acts that led to constitutional violations and that defendants' statements were unsworn.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Alverto's motion to extend the time to file his reply brief (Docket Entry No. 18) is granted. The Clerk will file Alverto's reply brief (Docket Entry No. 20).

**AFFIRMED.**